**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL RAMIREZ RAMON, | No. 09-71080 |
| Petitioner, | |
| v. | Agency No. A077-056-063 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Israel Ramirez Ramon, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Vasquez de Alcantar v. Holder*, 645 F.3d 1097, 1099 (9th Cir. 2011), and we deny the petition for review.

The agency properly concluded that Ramirez Ramon was ineligible for cancellation of removal because he lacked seven years of continuous residence in the United States after being "admitted in any status." *See* 8 U.S.C. § 1229b(a)(2); *see also Vasquez de Alcantar*, 645 F.3d at 1103 (filing an application for adjustment of status does not confer admission); *Guevara v. Holder*, 649 F.3d 1086, 1094 (9th Cir. 2011) (a grant of work authorization does not confer admission).

Ramirez Ramon's contention that the BIA violated his right to due process by denying his motion to accept a late-filed brief fails because he has not established prejudice resulting from the alleged violation. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (to establish prejudice in support of a due process claim, petitioner must show that the outcome of his proceedings may have been affected).

Ramirez Ramon's contention that the denial of cancellation of removal violated his right to equal protection is unavailing.

**PETITION FOR REVIEW DENIED.**